**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

CLEMER FOSTER,                  :

    Plaintiff,                         :

vs.                                         :          CA 07-0016-WS-C

MICHAEL J. ASTRUE,          :
Commissioner of Social Security,
                                                :
    Defendant.

## **REPORT AND RECOMMENDATION**

The Commissioner has moved for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand of this cause for further proceedings. (Doc. 18) The Commissioner proposes a remand for further administrative proceedings with specific instructions that the Appeals Council

> vacate the April 2006 administrative decision and remand the case to an administrative law judge[1] with instructions to further develop the record and issue a new decision. The ALJ will be directed to re-evaluate Plaintiff's credibility and re-determine his maximum residual functional capacity in light of the opinion evidence of record.[2] The ALJ will fully and accurately explain

---

[1] The parties agree that on remand this case should be assigned to a different ALJ. (*See* Doc. 19, ¶ 6)

[2] More specifically, the ALJ is instructed "to provide a rationale as to his finding as to the relationship between Plaintiff's daily activities and his credibility and residual functional capacity in compliance with 20 C.F.R. §§ 404.1529(c), 416.929(c), and SSR 96-7p." (Doc. 19, at

>   the weight given to the medical source opinions, particularly
>   Drs. Phillips, Fontana, and Citrin, who all opined that Plaintiff
>   was limited to a range of light work.[3] Since the vocational expert
>   testified that Plaintiff has no transferable skills, if the ALJ finds
>   Plaintiff is limited to light work, a finding of disabled is
>   mandated by Medical-Vocational Rule 202.02.[4]

(*Id.* at 1-2 (footnotes added))

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" the Magistrate Judge recommends that this cause be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to

---

¶ 3)

[3]  The ALJ is instructed "to evaluate the evidence of the treating and examining physicians in light of the exertional and nonexertional requirements for the various levels of work as spelled out in 20 C.F.R. §§ 404.1567, 416.967, and SSR 83-10 and 85-15." (Doc. 19, at ¶ 4)

[4]  Finally, should the ALJ again use the grids as a framework for decision making, he is instructed to address any erosion of the occupational base as provided in SSR 83-12 and "evaluate this number of jobs in comparison with a table rule, which would direct a conclusion of disabled, thereby operating as a framework as provided in SSR 83-14." (Doc. 19, at ¶ 5)

Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.[5]

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 6th day of June, 2007.

                          s/WILLIAM E. CASSADY
                          **UNITED STATES MAGISTRATE JUDGE**

---

[5] The defendant's second motion for an extension of time to file an answer (Doc. 17) is **GRANTED.** The answer was filed concurrent with the filing of this motion. (*Compare* Doc. 16 *with* Doc. 17)

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.       *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                              s/WILLIAM E. CASSADY
                                                              UNITED STATES MAGISTRATE JUDGE