# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

CLEMER FOSTER,                  :

    Plaintiff,                  :

vs.                             :        CA 07-0016-WS-C

MICHAEL J. ASTRUE,              :
Commissioner of Social Security,
                                :
    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on the motion for authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). (Doc. 30; *see also* Docs. 31 & 32) Upon consideration of all pertinent materials contained in the file, it is recommended that petitioner receive a reasonable attorney's fee in the amount of $3,977.13.

## FINDINGS OF FACT

    1.    Gilbert B. Laden, Esquire, was hired by plaintiff to represent him in connection with his claims for disability insurance benefits and supplemental security income in this Court on January 9, 2007. (Doc. 31,

FEDERAL COURT FEE AGREEMENT) The fee agreement executed by Foster on this date, reads, in relevant part, as follows: "I hereby retain GILBERT B. LADEN, Attorney at Law, to represent me in my claim for Social Security benefits in federal court. I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won. I understand that the attorney fee must be approved by the federal court for representation in federal court and by the Social Security Administration for representation before the Social Security Administration. I understand that the total fee could amount to several thousand dollars or several hundred dollars per hour on an hourly basis. I agree to cooperate in any way that I can so that my attorney's full fee is authorized." (*Id*.)

      2.     Following remand proceedings (*see* Doc. 22 (judgment remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)), the Commissioner determined that plaintiff was entitled to disability benefits beginning March, 2004 (Doc. 31, Notice of Award).

      3.     The total amount of past-due disability insurance benefits the Social Security Administration has determined Mr. Foster to be entitled to

receive is clearly $37,108.50 inasmuch as the Administration withheld 25% of that amount, or $9,277.13, for payment of attorney's fees. (*See* Doc. 31, Notice of Award)

    4.    In connection with his motion for attorney's fees under the Equal Access to Justice Act (Doc. 23), petitioner submitted to this Court an itemized statement regarding the time spent before this Court pursuing Foster's claim. The total time delineated therein is 6.4 hours.  (Doc. 23, Affidavit)

    5.    Petitioner requests that this Court approve an attorney's fee in the amount of $3,977.13, which represents the remainder of 25% of the past-due benefits to which the Administration has determined Foster entitled under the Social Security Act, minus the $5,300.00 fee petitioner has receive from the Social Security Administration for services rendered before the Administration (*see* Doc. 31, Notice of Award), for the 6.4  hours he spent before this Court representing Mr. Foster.

## **CONCLUSIONS OF LAW**

    1.    Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-

due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[1] Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted); *see Meyer v. Sullivan,* 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

2.   The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809, 122 S.Ct. 1817, 1829, 152 L.Ed.2d 996 (2002); *see also id*. at 807, 122 S.Ct. at 1828 ("Congress has provided one boundary line:  Agreements are unenforceable

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808, 122 S.Ct. at 1828 (internal citations omitted).

       3.     In line with *Gisbrecht*, therefore, this Court will begin with the contingency fee agreement and will only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of

the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable."). See *Gisbrecht*, *supra*, 535 U.S. at 799 & 808-809, 122 S.Ct. at 1823-1824 & 1829.

   4. The Social Security Administration has determined that the past-due disability insurance benefits to which plaintiff is entitled to receive total $37,108.50 (*see* Doc. 31, Notice of Award); twenty-five percent (25%) of this amount is $9,277.13 (*id*.). The federal court fee agreement which Foster entered into on January 9, 2007 contemplates attorney's fees of as much as twenty-five percent (25%) of the claimant's past-due benefits following a favorable decision (*see* Doc. 31, FEDERAL COURT FEE AGREEMENT) and it is clear to the Court that the amount requested by petitioner herein ($3,977.13), when combined with the $5,300.00 petitioner has been awarded by the Administration, is not more than 25% of the past-due benefits Foster has been awarded in this case. Moreover, there is no evidence that petitioner

delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to the petitioner.[2]  Given the length of petitioner's relationship with the claimant and the favorable results achieved by petitioner for the claimant, the undersigned considers the requested amount reasonable. Accordingly, the  Court authorizes petitioner to receive, as a fee for services rendered before this Court, the sum of $3,977.13, which, when added to the $5,300.00 petitioner has received from the SSA, represents 25% of the total of past-due disability insurance benefits awarded plaintiff. Upon receipt of this money, plaintiff's counsel must then, of course, refund to the claimant the smaller attorney-fee award made in this case.  *Gisbrecht, supra*, 535 U.S. at 796, 122 S.Ct. at 1822 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"); *see Watford, supra*, 765 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C.

---

[2]   The request, when broken down, renders an hourly rate of approximately $621.43.

§ 406(b)(1) for counsel's services in court.").

## CONCLUSION

The Magistrate Judge recommends that petitioner receive as an attorney's fee for services rendered in this Court the sum of $3,977.13 pursuant to 42 U.S.C. § 406(b).  Upon receipt of this award, petitioner is to refund to plaintiff the smaller EAJA attorney-fee award ($1,047.74) made in this case.

**DONE** this the 16th day of October, 2007.

      s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    s/WILLIAM E. CASSADY  
    UNITED STATES MAGISTRATE JUDGE